```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                    :
                                                Docket #14cv4131
GENERGY WORLDWIDE INC.,                   :

              Plaintiff,                  :

   - against -                            : New York, New York
                                            September 4, 2014
SOURCEONE INC., et al.,                   :

              Defendants.                 :

--------------------------------------- :

                         PROCEEDINGS BEFORE
                  THE HONORABLE PAUL A. CROTTY,
                UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For Plaintiff:              FERBER CHAN ESSNER & KOHLER
                            BY:  ROBERT KAPLAN, ESQ.
                            530 Fifth Avenue
                            New York, New York 10036

For Defendants:             NIXON PEABODY
                            BY:  JOSEPH ORTEGO, ESQ.
                            437 Madison Avenue
                            New York, New York




Transcription Service:  Carole Ludwig, Transcription Services
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Fax:  (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

**INDEX**

**E X A M I N A T I O N S**

| **Witness** | **Direct** | **Cross** | **Re-Direct** | **Re-Cross** |
|---|---|---|---|---|

None

**E X H I B I T S**

| **Exhibit Number** | **Description** | **ID** | **In** | **Voir Dire** |
|---|---|---|---|---|

None

```
                                                                  3
 1
 2              THE COURT:  Good afternoon.  Please be seated.
 3              THE CLERK:  Your Honor, this is the matter of
 4   Genergy Worldwide Inc. v. Sourceone Inc., docket number
 5   14cv4131.  Counsel for plaintiff, please state your
 6   appearance for the record.
 7              MR. ROBERT KAPLAN:  Robert Kaplan of Ferber Chan
 8   Essner & Kohler, 530 Fifth Avenue, New York, New York
 9   10036.  Good afternoon, Your Honor.
10              THE COURT:  Hello, Mr. Kaplan, how you are?
11              MR. KAPLAN:  Okay, how are you?
12              THE COURT:  Been in the sun?
13              MR. KAPLAN:  What?
14              THE COURT:  You've been in the sun?
15              MR. KAPLAN:  I was at the U.S. Open on Monday.
16              THE COURT:  Okay.  You look relaxed.
17              THE CLERK:  For defendant.
18              THE COURT:  Tanned and relaxed I should say.
19              MR. JOSEPH ORTEGO:  Joseph Ortego, Nixon Peabody,
20   437 Madison Avenue, New York, New York.
21              THE COURT:  Okay, thank you, Mr. Ortego.  Mr.
22   Kaplan, do you want to tell me a little bit about your
23   matter here?
24              MR. KAPLAN:  Yes, Your Honor.  The plaintiff
25   Genergy is in the metering and utilities management
```

```
                                                                  4
 1
 2   business.  It contracts with large landlords.  They keep
 3   track of the landlord, the buildings' energy use, and they
 4   assist the landlords in determining what tenants, tenants'
 5   use of utilities and billing tenants for their energy
 6   usage.
 7             In this case we allege that the defendants,
 8   there's an individual defendant, Giuseppe Giammo, who is a
 9   former senior person at Genergy.  He now works for
10   Sourceone which is in the same business.  And we allege
11   that for a number of years the defendants have been hacking
12   into Genergy's computers and information systems and
13   stealing information, commercial information.  And Mr.
14   Giammo last year pled guilty in New York City criminal
15   court to unauthorized use of computer, and in his
16   allocution he admitted he had entered plaintiff's computer
17   system without authority on a number of occasions.
18             So we have asserted four causes of action here
19   under the Stored Communications Act, under the Computer
20   Fraud and Abuse Act, as well as --
21             THE COURT:  Common law conversion --
22             MR. KAPLAN:   -- common law cause of action for
23   conversion and misappropriation.  I'm sorry, the last cause
24   of action is unfair competition by virtue of their
25   misappropriation.
```

```
                                                              5
  1
  2            THE COURT:   Mr. Ortego, you want to make a
  3   motion?
  4            MR. ORTEGO:   Yes, I do, Your Honor.
  5            THE COURT:   First of all, let me ask you, in
  6   reading through Mr. Kaplan's papers and your papers, is it
  7   correct that you're only moving against the first and third
  8   claims?
  9            MR. ORTEGO:   That is correct --
 10            THE COURT:   The Stored Communication Act and the
 11   conversion?
 12            MR. ORTEGO:   That is correct, Your Honor, but
 13   with regard to the other counts, some of them are barred by
 14   the statute of limitations.  Because in the complaint it
 15   alleges a period of time in which those actions prior to
 16   that time would be barred by the statute of limitations.
 17   So with regard to those counts, yes, we move to dismiss in
 18   the entirety with those two counts.  With regard to the
 19   other two counts, the statute bars certain actions prior to
 20   those dates of the statute of limitations.  So on its face
 21   the action is barred in part.
 22            THE COURT:   Now, let me ask you, Mr. Kaplan, at
 23   page 2 of your letter of August 8, you say you can easily
 24   amend your first cause of action to avoid unnecessary
 25   litigation over this issue as plaintiff can state a cause
```

```
                                                              6
 1
 2   of action under that statute even if the computer system is
 3   not such a facility.  Do you want to amend your pleading
 4   now?
 5           MR. KAPLAN:   Yes, Your Honor.
 6           THE COURT:   Okay.  What about discovery?  I mean
 7   there's two claims here, Mr. Ortego, that you're not moving
 8   against, is that correct?
 9           MR. ORTEGO:   I'm moving only in part of those,
10   Your Honor, that is correct.  They will remain.  On its
11   face many of the allegations for the time period are barred
12   by the statute of limitations.  So the answer is correct,
13   Judge, with regard to those other two counts, they will
14   remain.  This motion would not be dispositive if granted.
15           THE COURT:   Do you want discovery, Mr. Kaplan?
16           MR. KAPLAN:   Absolutely, Your Honor.  Could I
17   just address the defense's contemplated motion for just a
18   moment?
19           THE COURT:   No, I think it's pretty clear that
20   he's allowed to make his motion.  So I mean the question is
21   whether we should stay discovery pending the outcome of the
22   motion.  That's why I asked if there was --
23           MR. KAPLAN:   No, Your Honor, I don't think
24   there's any reason to stay discovery.
25           THE COURT:   If there's a couple of claims that
```

```
 1                                                         7
 2  are still valid --
 3           MR. KAPLAN:  And it seems to me that, well, you
 4  know, it just seems to me that the plaintiff is making this
 5  motion to dismiss for failure to start a cause of action
 6  simply to get some sort of a motion on file.  As indicated
 7  in my letter, whatever perceived insufficiency there is in
 8  the first cause of action can be easily remedied with
 9  regard to conversion claim, I mean the details of that are
10  set forth at length in the complaint.  It's undisputed that
11  the conversion of electronic information is actionable
12  under New York law, and we set forth in considerable detail
13  exactly what their conversions are.  So I'm not exactly
14  sure what --
15           THE COURT:  I'll be candid with you.  I don't
16  know enough about the Stored Communication Act to know
17  whether or not his motion is viable or not.  But I know
18  under the Rules of the Second Circuit he's entitled to make
19  the motion.  Frankly, with regard to the conversion, I
20  think I'm on your side.  I don't think that's a, that
21  really has a chance of success, but that is, that's no
22  reason not to allow him to make the motion.
23           So if you want to amend your pleading to correct
24  what you say you can easily correct, how long do you need
25  to do that?
```

```
 1                                                              8
 2            MR. KAPLAN:    I could that within a couple of
 3   days, Your Honor.
 4            THE COURT:    Okay.  Today is Thursday, the 4th.
 5   About a week's time?
 6            MR. KAPLAN:    That's fine, Your Honor.
 7            THE COURT:    Why don't you do it by the 12th.
 8            MR. KAPLAN:    Okay.
 9            THE COURT:    Friday the 12th.  Then, Mr. Ortego,
10   you're free to make your motion.  How long do you need to
11   make your motion?
12            MR. ORTEGO:    Two weeks from that date, Your
13   Honor.
14            THE COURT:    So that'd be the – make it by the
15   26th.
16            MR. ORTEGO:    Yes, please.
17            THE COURT:    The motion to dismiss by September
18   26.  Mr. Kaplan, your time to respond?
19            MR. KAPLAN:    Two weeks, Your Honor?
20            THE COURT:    Pardon?
21            MR. KAPLAN:    Two weeks.
22            THE COURT:    Two weeks.  That'd bring us to
23   October 10, and then a week to reply, October 17, Mr.
24   Ortego. In the meantime, by next Friday, the 12th, when Mr.
25   Kaplan is going to file an amended complaint, I'd like to
```

```
                                                                  9
 1
 2   see a civil case management plan, which gets us rolling on
 3   discovery.  Could we do that?
 4             MR. KAPLAN:   Absolutely, Your Honor.
 5             THE COURT:   Mr. Ortego?
 6             MR. ORTEGO:   Yes, Your Honor.
 7             THE COURT:   All right.  How big is Nixon Peabody
 8   in New York?
 9             MR. ORTEGO:   Well, it's originated --
10             THE COURT:   I know it's originally from
11   Rochester.
12             MR. ORTEGO:   Rochester and we still have offices
13   in Buffalo where I think you're from, Your Honor, and
14   Rochester and Albany and New York.
15             THE COURT:   But is Rochester still the mother
16   ship?
17             MR. ORTEGO:   Well, that's a political debate,
18   Judge, at what happens here.
19             THE COURT:   I don't want to get involved.
20             MR. ORTEGO:   No, no, but it is the original firm,
21   but I will tell you that it has decreased in size as a
22   result of the Rochester community.  That's still the
23   original office, and most of the administrative things
24   still come out of that office.
25             THE COURT:   I remember when it used to be Nixon
```

```
                                                                10
 1
 2   Hargrave.
 3            MR. ORTEGO:    So do I.
 4            THE COURT:    And Gene Hargrave was the general
 5   counsel at Eastman Kodak Company which is really dating the
 6   whole thing.
 7            MR. ORTEGO:    Yeah, it does, and that was the, you
 8   know, traditional big client of Nixon Hargrave Devans &
 9   Doyle.
10            THE COURT:    Yeah, right.  Correct.
11            MR. ORTEGO:    Which no longer - now Kodak has gone
12   the way.
13            THE COURT:    It makes batteries now.  Mr. Kaplan,
14   is there anything else to take up?
15            MR. KAPLAN:    No, Your Honor.
16            THE COURT:    Mr. Ortego, anything else you want to
17   bring up?
18            MR. ORTEGO:    No thank you, Your Honor.
19            THE COURT:    Marlon, can you read the dates back?
20            THE CLERK:    Yes, Your Honor.  Amend the complaint
21   and civil case management plan by September 12.  Schedule
22   of the motion to dismiss is motion by September 26,
23   response by October 10, and reply by October 17.
24            THE COURT:    Okay.  Thank you very much, Mr.
25   Kaplan.
```

```
 1                                                           11
 2           MR. KAPLAN:    Thank you, Your Honor.
 3           MR. ORTEGO:    Thank you, Your Honor.
 4           THE COURT:    Mr. Ortego, thank you very much.
 5           (Whereupon the matter is adjourned.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                                                         12
 2                    C E R T I F I C A T E
 3
 4          I, Carole Ludwig, certify that the foregoing
 5   transcript of proceedings in the United States District
 6   Court, Southern District of New York, Genergy v. Sourceone,
 7   et al., Docket #14cv4131, was prepared using digital
 8   transcription software and is a true and accurate record of
 9   the proceedings.
10
11
12
13
14   Signature_____
15
16   Date:   September 12, 2014
17
18
19
20
21
22
23
24
25
```