USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-1-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————
                                        :
GENERGY WORLDWIDE, INC.,                :
                                        :
                    Plaintiff,          :      14 Civ. 04131 (PAC)
                                        :
        v.                              :
                                        :
SOURCEONE, INC. and                     :
GIUSEPPE GIAMMO,                        :
                                        :
                    Defendants.         :
—————————————————————

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff and Defendants (collectively, "the Parties"), hereby acknowledge

that certain documents and other information being produced in this litigation include

confidential, proprietary, and/or trade secret information relating to the business of each party,

which, if disclosed, would harm the party's business, commercial, or financial interest;

WHEREAS, the Parties desire to expedite the flow of discovery material, and facilitate

the prompt resolution of disputes over confidentiality of discovery materials;

WHEREAS the Parties desire to adequately protect information the Parties are entitled to

keep confidential as well as ensure that only such materials are subject to special treatment; and

WHEREAS the Parties respectfully submit that protection of this confidential

information will protect the Parties from unfair competition, burden, and expense;

IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26(c), by and

among the parties hereto, through their undersigned counsel, that the following provisions of this

Stipulated Order Governing the Designation and Handling of Confidential Materials (the

"Order") govern disclosure and use by the parties of all documents, testimony, interrogatory answers, responses to requests to admit, electronically stored information ("ESI"), and any other materials and information produced or provided in the above-referenced Action.

## I.     PURPOSES

This case involves production of, among other things, the Parties' business records, non-public financial data, marketing strategies, sensitive client data and business information of a similar nature.  Discovery in this action therefore is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  The parties thus stipulate to and petition the court to enter the following Order.

## II.    DEFINITIONS

1.     "Challenging Party" is a Party or Non-Party that challenges the designation of information or items under this Order.

2.     "Confidential Information" (regardless of how it is generated, stored or maintained) shall include any Discovery Material which contains any trade secret or other confidential, proprietary, strategic, customer, or financial information or private information about any party, officer, employee or other individual.  Material shall be designated "CONFIDENTIAL" if the producing Party or Non-Party reasonably believes the material has not been published, distributed or made accessible to the public, or disclosed to a Non-Party without a confidentiality agreement or a reasonable expectation that the material would be maintained by the Non-Party in confidence.

3.     "Counsel" are attorneys (i) who are not employees of a Party but are retained to represent or advise a Party in connection with this action or are affiliated with a law firm which

has appeared for a Party (and all support staff) ("outside Counsel"); or (ii) who are employees of a Party and whose job responsibilities include the provision of legal advice (and all support staff) ("in-house Counsel").

4.      "Designating Party" is a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY".

5.      "Disclosures or Discovery Material" mean all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including documents, testimony, interrogatory answers, data, responses to requests to admit or deny, transcripts, ESI and tangible things) produced or generated in connection with disclosures or responses to discovery in this matter, including any such material initially produced in any other litigation or proceeding.

6.      "Expert" is a person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

7.      "Highly Confidential Information" shall include any Confidential Information which the producing party or non-party reasonably believes to be competitively sensitive such that it is entitled to additional protections.  Care shall be taken by the Designating Party to use the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation only where the Designating Party has a good faith belief that such protection is needed.

8.      "Non-Party" is any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

9. "Party" is any party to this action, including all of its officers, directors, employees, and consultants.

10. "Producing Party" is a Party or Non-Party that produces Disclosures or Discovery Material.

11. "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

12. "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY".

13. "Receiving Party" is a Party that receives Discovery Material from a Producing Party.

III.   **SCOPE**

14. Any Discovery Material produced in response to discovery requests in this litigation (the "Litigation") may be designated by a producing party or non-party as "Confidential" or "Highly Confidential—ATTORNEYS' EYES ONLY" under this Protective Order.

15. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, contain or otherwise reveal the substance of (other than in general terms) Confidential or Highly Confidential Information shall also be treated as Confidential Information or Highly Confidential Information pursuant to this Protective Order.

16. Confidential Information or Highly Confidential Information shall not include any information that: (a) is or becomes generally available to the public other than as a result of a

4

breach of this Protective Order or a breach of any other contractual, fiduciary, statutory, common law or other legal obligation of any person including an obligation of non-disclosure; or (b) was lawfully obtained by the receiving party on a non-confidential basis and without any limitation on its use or disclosure both independently of this Litigation and by a means unconnected with any breach of a contractual, fiduciary, statutory, common law or other obligation of any person, including an obligation of non-disclosure.

### IV.   DURATION

17.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limit for filing any motions or applications for extension of time pursuant to applicable law.

### V.   DESIGNATING PROTECTED MATERIAL

18.    Any documents, material or information produced in discovery in this Litigation that are to be designated "Confidential" or "Highly Confidential—ATTORNEYS' EYES ONLY" may be so designated by the producing party or non-party by (a) furnishing a separate written notice to counsel for the party receiving such documents, material or information at the time of their production or as soon thereafter as practicable specifically identifying the documents or materials as "Confidential," or "Highly Confidential—ATTORNEYS' EYES ONLY" and promptly thereafter providing copies (bearing the same bates numbers as the original copies) of any such documents bearing such designation(s); or (b) providing copies of

the documents, material or information so designated that are stamped with the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Discovery Material stamped or designated "CONFIDENTIAL " or "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY," including those produced, stamped or

similarly designated in prior litigation or other proceeding and made available in this action,

shall be treated as Confidential or Highly Confidential, respectively, for the purposes of this

Protective Order.

     19.    A Party or Non-Party that makes original documents or materials available for

inspection need not designate them for protection until after the inspecting Party has indicated

which material it would like copied and produced.  During the inspection and before the

designation, all of the material made available for inspection shall be deemed "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY".  After the inspecting Party has identified

the documents it wants copied and produced, the Producing Party must determine which

documents, or portions thereof, qualify for protection under this Order.  Then, before producing

the specified documents, the Producing Party may affix the appropriate legend

("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") to each

page or portion thereof that contains Protected Material, or otherwise follow the procedure set

forth herein for the designation of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY" material. "A designation of "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" on any part of the document shall be

understood to be a designation of the entire document unless otherwise specified or unless

otherwise disputed by the receiving party as set forth hereunder.

20.     For electronic documents produced in native format, if any, designations shall be made in accordance with an agreed upon protocol governing production of electronically stored information.

21.     If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

22.     Inadvertent production of or failure to designate any information as Confidential or Highly Confidential shall not be deemed a waiver of the Producing Party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential or Highly Confidential—ATTORNEYS' EYES ONLY as appropriate. At such time, arrangements shall be made for the return to the Producing Party of all copies of the inadvertently misdesignated document(s) and for the substitution, where appropriate, of properly labeled copies of such documents. All previously-produced copies of such documents that were inadvertently misdesignated shall be destroyed by the Receiving Party or Parties upon receipt of replacement copies of such documents with the proper designation.

23.     Inadvertent production of any document in this Litigation in response to discovery requests, subpoenas, or any agreement by any Party or Non-Party, that a Party or Non-Party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection, subject to the following provisions:

(a)     A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall, within five (5)  business days, destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material any information solely derived from the Inadvertently Produced Privileged Document, provided, however, that the receiving party may retain one copy of such Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of privilege by the producing party, in which case: (1) the receiving party shall notify the producing party in writing of its intention to retain a copy for such purpose within ten business days of the receipt of the notice demanding return of such Inadvertently Produced Privileged Document, and (2) either party may thereafter seek a ruling from the Court with respect to the issue of whether the Inadvertently Produced Privileged Document is indeed privileged, whether by way of a motion to compel, motion for a protective order, or otherwise.  All such motions shall be submitted in camera.  Absent an order from the Court, no Inadvertently Produced Privileged Document shall be used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this paragraph.

(b)      No party may assert as a ground for challenging privilege the mere fact of the inadvertent production in this Litigation.  Nothing in this Order shall preclude a party from arguing based on the underlying facts and circumstances that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver.

(c)      If the recall of a document involves redaction of the inadvertently produced document, the redacted version of the document shall be provided within ten (10) business days together with a privilege log that includes the information required by Local Civil Rule 26.2 (or, consistent with the Local Rules, such other arrangement concerning privilege logs upon which the parties may agree) and the identification of (1) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (2) the files or sources from which the document was collected.

(d)      If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the producing party's counsel, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this protocol.  In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if counsel for the parties and other defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary.  Nothing in

this shall prohibit the ability of examining counsel to *voir dire* a deponent about the matters set forth in Local Civil Rule 26.2 concerning the document.

(e)    If a party's expert report or expert testimony relies on a document which another party identifies as an Inadvertently Produced Privileged Document after service of the expert's report or rendition of the expert's testimony, then the party sponsoring the expert report or expert testimony will, subject to the procedures in this Protective Order, and if necessary, remove any reference to the Inadvertently Produced Privileged Document from the expert's report or expert's testimony and be allowed to substitute other documents or information for the Inadvertently Produced Privileged Document. Neither the expert's report nor the expert's testimony can be stricken in whole on the ground that the expert's report or expert's testimony had previously relied on an Inadvertently Produced Privileged Document. In the event that an expert's report or expert's testimony has relied on an Inadvertently Produced Privileged Document, the parties agree to meet and confer on a schedule to allow the party propounding an implicated expert report (whether an initial, response or rebuttal report) to modify or supplement such expert report within a reasonable period of time.

24.    The parties shall serve a copy of this Protective Order simultaneously with any discovery request made to or subpoena served on any Non-Party in this action.

25.    For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection, the

Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 14 days, or so many days as the Parties agree, from the receipt of such official transcript and/or video recording to allow time for any Party or Counsel to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Any testimony designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be so designated by page and line number, and video cassettes, DVDs or other storage media shall be labeled in accordance with the provisions of this Order. Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by this Order. Alternatively, a Designating Party may specify, at the deposition or up to 14 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY".

26.     Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. Any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" that is marked as an exhibit in any deposition shall be treated according to the designation of that document prior to the deposition.

27.     Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers) designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of

these requirements.  Any transcript that is prepared before the expiration of a 14-day period for

designation shall be treated during that period as if it had been designated "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.

After the expiration of that period, the transcript shall be treated only as actually designated.


**VI.    ACCESS TO AND USE OF PROTECTED MATERIAL**

28.    A Receiving Party shall use Discovery Material only for the purpose of this

Litigation and not for any other purpose.  Any person found to have made an impermissible use

of any Discovery Material may be subject to, without limitation, appropriate civil penalties

including for contempt of court.  Nothing in this Order shall limit or restrict a Party's rights, if

any, to use its own Discovery Material or any information obtained independent of discovery in

this action in any manner that the party deems appropriate.

29.    Nothing herein shall impose any restrictions on the use or disclosure by a Party or

witness of documents, material or information obtained by such Party or witness independently

of the discovery proceedings in this action, whether or not such documents, material or

information are also obtained through discovery proceedings in this action.  In addition, nothing

herein shall alter or affect any restriction on the use or disclosure by a Party or witness of

documents, material or information obtained by such Party or witness subject to any order of any

other court in any other proceeding or subject to any contractual, statutory or other obligation.

30.    Confidential Information may be disclosed only to the following persons:

(a)    The Court;

(b)     Outside Counsel for any Party including associated personnel necessary to assist such Counsel in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

(c)     Consultants, Experts or Professional Vendors, including outside copying services, court reporters, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party for the purpose of assisting that Party in this action, provided that they are not presently, and have no present plans to become, an employee, consultant (except herein), or competitor of any other party or potential party to this action;

(d)     Associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, secretarial or other clerical personnel, stenographers or other persons involved in taking or transcribing or videotaping of testimony in this action, and principals and employees of the firm with which any consultant or Expert as defined in paragraph (c) is associated;

(e)     Any other person as to whom the Party or Non-Party producing the Confidential Information has consented to disclosure in advance and in writing, on notice to each Party hereto;

(f)     Current officers, directors and employees of the Parties who are directly involved with the matters at issue in the Litigation (including assisting counsel with matters at issue in this litigation), solely to the extent reasonably necessary for the prosecution or defense of the Litigation;

(g)     Any actual or potential witness in preparation for or at a deposition, hearing, or trial in this matter; and

(h)     In-house Counsel, legal assistants, and other legal staff for each of the Parties.

31.     "Highly Confidential—ATTORNEYS' EYES ONLY" Information may be disclosed only to any persons falling within categories (a) through (e) in paragraph 30 above, and SourceOne, Inc. Inside Counsel Francis X. Ferrara as well as one assistant or one paralegal assisting Mr. Ferrara whose only function is litigation support and who does not have any involvement in utilities management or metering services provided by SourceOne to any customer.  Mr. Ferrara is included with the express understanding that he is involved in litigation matters only and does not now, and will not at any point during this litigation, have any involvement in providing business or strategic advice to any employee, officer, or director of SourceOne concerning utilities management or electric metering services and will not have any input into any decision-making concerning any business or strategic matters relating to utilities management or electric metering services provided by SourceOne.

32.     Notwithstanding the provisions in paragraph 30 above, Confidential or Highly Confidential—ATTORNEYS' EYES ONLY Information may be disclosed, at deposition or otherwise, to any employee of the Party or Non-Party producing such information or to any author or Receiving Party unless a different result is agreed to by Counsel for the Parties.

33.     Counsel for a Party may disclose Highly Confidential—ATTORNEYS' EYES ONLY Information to any actual or potential witness, provided Counsel has obtained prior written consent of Counsel for the Producing Party of such information.  Such consent shall not be unreasonably withheld.  Notwithstanding the provisions in paragraphs 30 and 31 above,

consent need not be obtained if (i) the person is an author or recipient of the Confidential or Highly Confidential Information; or (ii) the person is a former employee of the Producing Party and is known to have prior knowledge of the specific document containing the Confidential or Highly Confidential—ATTORNEYS' EYES ONLY Information to be disclosed; or (iii) the person is a former employee of the Producing Party and is reasonably likely to have had prior knowledge of the subject matter referenced in the Confidential or Highly Confidential Information to be disclosed.

34.    Persons described in paragraph 30(b) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court.  A Party or Non-Party disclosing Confidential Information or Highly Confidential—ATTORNEYS' EYES ONLY Information to a person described in paragraph 30(c) (and associated personnel) or any person described in paragraphs 30(e) or 33 must first: (i) advise the recipient that the information is Confidential or Highly Confidential Information and may only be used in connection with this or related litigation; (ii) provide the recipient with a copy of this Order; and (iii) have that person execute a the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

35.    If any Party disagrees with the designation by the Designating Party of any Discovery Material as Confidential or Highly Confidential—ATTORNEYS' EYES ONLY Information, then the Parties will attempt first to resolve the dispute on an informal basis, within seven (7) days of notice of a challenge to a designation, before presenting the dispute to the Court.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid

ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made under this specific paragraph of the Order.

36.     All items objected to shall continue to be treated as Confidential or Highly Confidential—ATTORNEYS' EYES ONLY pending resolution of the Parties' dispute.  If the dispute cannot be resolved informally, the Designating Party bears the burden of persuading the Court that the information is in fact Confidential or Highly Confidential—ATTORNEYS' EYES ONLY within the definition(s) of those term(s) set forth above.  Discovery Material shall not be entitled to a Confidential or Highly Confidential—ATTORNEYS' EYES ONLY designation where the disputing Party demonstrates that such material was in the public domain at the time of, or has become public since, its designation.  Nothing in this Order precludes any Party from challenging a confidentiality designation on any other ground.

37.     Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

38.     Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any Party that any particular documents, material or information contain or reflect trade secrets or any other type of confidential, proprietary or commercially-sensitive information; nor (b) prejudice in any way the right of a Party at any time to: (i) seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item

of material, or piece of information; (iii) object to any discovery request, including the right to assert that no discovery should be had of or relating to certain documents or information; (iv) seek a higher level of protection than provided for by this Order if the Party believes that circumstances warrant that higher level of protection; (v) seek documents or other information from any source; or (vi) seek more flexible procedures at trial for the introduction and use of evidence or information designated pursuant to this Order.  In any instance where a Designating Party asserts a higher level of protection to Discovery Material after its initial production, the higher protection level shall apply to the materials only as of the time of their redesignation. Persons who obtain access to such materials prior to their redesignation shall, from the time of notice to them of the materials' redesignation, restrict their review or use of those materials in accordance with the higher protection level.

### VIII.  DEPOSITION PROCEDURES

39.    At any deposition, when Counsel for a Party or the deponent deems that the answer to a question will result in the disclosure of Confidential or Highly Confidential—ATTORNEYS' EYES ONLY Information, Counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, Counsel and individuals specified in paragraph 30 hereof who have access to the appropriate category of information, leave the deposition room during the Confidential or Highly Confidential—ATTORNEYS' EYES ONLY portion of the deposition. The failure of such other persons to comply with such requests shall constitute substantial justification for Counsel to advise the witness that he or she need not answer the question pending.

40.    Any deposition testimony concerning a Confidential or Highly Confidential—ATTORNEYS' EYES ONLY document produced by a Non-Party will be marked by the court

reporter or videographer as Confidential or Highly Confidential—ATTORNEYS' EYES ONLY

on the deposition transcript or videotape.

### IX.   NON-PARTY EFFORTS TO OBTAIN PROTECTED MATERIAL

41.    If any Party has obtained Protected Material under the terms of this Order and

receives a subpoena or other compulsory process commanding the production of such

Confidential or Highly Confidential—ATTORNEYS' EYES ONLY Information, such Party

shall notify the Producing Party no later than seven (7) days following receipt of the subpoena

(but in no event later than seven (7) days prior to the date set in the subpoena for the production

of such subpoenaed information), including in such notice the date set in any subpoena or other

compulsory process for the production of such subpoenaed information and a copy of the

subpoena, so that the Producing Party may file a motion for protective order or to quash the

subpoena.

42.    The Parties will not object to the Producing Party having a reasonable opportunity

to appear in the litigation or other proceeding commanding disclosure of such Confidential or

Highly Confidential—ATTORNEYS' EYES ONLY Information for the sole purpose of seeking

to prevent or restrict disclosure thereof.

## X.   <u>FILING UNDER SEAL</u>

43.   No pleadings, motion papers, memoranda, affidavits, exhibits, transcripts, or other papers that consist of, contain, or reflect Confidential or Highly Confidential—ATTORNEYS' EYES ONLY Information shall be filed with the Court unless and until the Party has obtained leave of court to file such documents or the portions thereof containing or reflecting Confidential or Highly Confidential—ATTORNEYS' EYES ONLY Information under seal.  If leave is granted, Confidential or Highly Confidential—ATTORNEYS' EYES ONLY Information filed with the Court shall be filed under seal pursuant to the following procedures:

(a)   Where possible, only confidential portions of filings with the Court shall be filed under seal.  Information filed under seal shall be placed in a sealed envelope on which it shall be endorsed with the title to this action, the words "FILED UNDER SEAL" and a statement substantially in the following form:

"This envelope is sealed pursuant to order of the Court and contains Confidential Information [and/or Highly Confidential Information] filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

The envelope shall not be opened without further order of the Court except by persons *authorized* to have access to such information pursuant to paragraphs 30 or 31, as applicable, which person(s) shall return the information to the Clerk in a sealed envelope.

Any envelope containing information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading.  Where documents filed under seal are transmitted between or among the Parties, the above message shall be placed in the electronic mail message by which such documents are transmitted or on the facsimile cover sheet or on a sheet directly following the facsimile cover sheet for the facsimile by which such documents are transmitted.  A full and unredacted copy of any such

19

submission may be provided directly to the Court's chambers, marked "Chambers Copy" and "Contains Confidential or Highly Confidential—ATTORNEYS' EYES ONLY Information Subject to Protective Order."

(b)    As soon as practicable, but in no event after ten (10) business days from the filing of paper copies of the submitted materials under seal, the submitting Party shall electronically file with the Court, for its public file, a copy of the submitted materials with the Confidential or Highly Confidential—ATTORNEYS' EYES ONLY Information redacted.

(c)    If any Party objects to identified portions of the materials remaining under seal, it shall, within ten (10) business days after submission of such materials to the Court, state its objections in a letter sent by facsimile or electronic mail to counsel for all parties in this action.  The interested parties shall promptly meet and confer to attempt to resolve those objections and, if such objections cannot be resolved, the Party asserting such objections shall promptly tender those objections to the Court for resolution.  The revised public filing, if any, of that submission shall be made by the submitting Party within ten (10) business days after the Court's decision resolving that dispute.

**XI.    USE OF PROTECTED MATERIAL AT TRIAL**

44.    In the event that any Protected Material is used in any pre-trial court hearing or proceeding in this action, and there is any dispute as to whether such material continues to be Confidential or Highly Confidential—ATTORNEYS' EYES ONLY, the Parties will meet and confer in an effort to resolve such dispute.

45.    The Parties shall confer and attempt to agree, before any trial or other hearing, on the procedures under which Protected Material may be introduced into evidence or otherwise

used at such trial or hearing.  Upon reaching agreement, the Parties shall give notice of the terms

of such agreement to each Non-Party producing any Protected Material which may be used or

introduced at such trial or hearing.  Absent agreement, the Court shall be asked to issue an order

governing the use of such Protected Material at trial or hearing upon reasonable notice to all

Parties and Non-Parties who have produced such material.  The Parties shall provide Non-Parties

with notice of potential use at trial of any Protected Material produced by such Non-Parties if

and when any such materials are listed as potential exhibits in the required filings prior to

commencement of trial.  The Parties shall give notice as soon as practicable after Protected

Material which is not listed on the exhibit list is determined to be likely to be used by Counsel

for a Party in the course of examination or cross-examination at trial.

## XII.   PROCEDURES UPON FINAL DISPOSITION

46.    After the running of any applicable time to appeal the final order entered in this

Litigation, any Producing Party may request that any or all Parties return or destroy any

Discovery Material the Producing Party has provided, which request shall be honored.  It shall be

the obligation of the Receiving Party to obtain the return of any such document(s) or information

distributed by that Party to any Expert, consultant or other person in the course of the Litigation

or to obtain written certification of destruction of such document(s) or information from such

Expert, consultant or other person.  If the Receiving Party to which such a request has been

directed elects to destroy the Discovery Material rather than return it, such Receiving Party shall

provide the Producing Party written certification that the destruction has been completed.

Nothing in this provision shall limit the rights, if any, of any Party or Non-Party to object to and

seek a ruling of the Court concerning a party's retention of any Discovery Material.  To the

extent any person retains copies of certain documents pursuant to the terms of this paragraph,

such information shall continue to be subject to the protections provided by this Order.  In addition, all restrictions in this Order regarding the use by any person of information or knowledge obtained from Discovery Material shall continue even after such Discovery Material is returned or destroyed.  This Court shall have continuing jurisdiction to modify, amend, enforce, interpret or rescind this Order notwithstanding the final disposition of this action.

47.     Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section IV (DURATION).

### XIII.   MISCELLANEOUS

48.     This Order shall not affect the right of any Party or Non-Party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege.  Moreover, the Order shall not affect the scope of discovery by any Party that is not otherwise proper under the Federal Rules of Civil Procedure.  Further, this Order shall not prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, testimony, or other evidence.

49.     Nothing in this Order shall prejudice the right of any Party or Non-Party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

50.     The Parties agree to be bound by the terms of this Order pending the entry of this Order by the Court and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

51.     The provisions of this Order shall become effective upon entry by the Court; however, all material produced and designated as Confidential or Highly Confidential—ATTORNEYS' EYES ONLY pursuant to this Order prior to the entry of this Order by the Court shall be subject to, and governed by, its provisions as though entered by the Court prior to such designation.

52.     In the event additional parties join or are joined in this action, they shall not have

access to Discovery Material until such newly joined party or its counsel on its behalf has

executed and filed with the Court its agreement to be fully bound by this Order.  Upon filing

such agreement with the Court, such newly joined party shall be treated as a "party" as that term

is used herein and shall be entitled to the same rights and subject to the same restrictions as may

be imposed herein on any of the parties to this action.


### IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD


Dated:  New York, New York                         Dated:  New York, New York
       November 26, 2014                                     November 26, 2014


**BOIES, SCHILLER & FLEXNER LLP**              **NIXON PEABODY LLP**


_____               _____
William D. Marsillo (WM 1841)                 Joseph J. Ortego
Jon-Michael Dougherty (JD 8312)               Vivian M. Quinn
333 Main Street                               437 Madison Avenue
Armonk, New York 10504                        New York, New York 10022-7039
(914) 749-8200                                (212) 940-3000


**Attorneys for Plaintiff**                     **Attorneys for Defendants**


**SO ORDERED:**


_____               Dated: _____, 2014
Judge Paul A. Crotty
United States District Judge


24

52.    In the event additional parties join or are joined in this action, they shall not have access to Discovery Material until such newly joined party or its counsel on its behalf has executed and filed with the Court its agreement to be fully bound by this Order.  Upon filing such agreement with the Court, such newly joined party shall be treated as a "party" as that term is used herein and shall be entitled to the same rights and subject to the same restrictions as may be imposed herein on any of the parties to this action.

### IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: New York, New York
      November 26, 2014

Dated: New York, New York
      November 26, 2014


**BOIES, SCHILLER & FLEXNER LLP**

William D. Marsillo (WM 1841)
Jon-Michael Dougherty (JD 8312)
333 Main Street
Armonk, New York 10504
(914) 749-8200

**NIXON PEABODY LLP**

Joseph J. Ortego
Vivian M. Quinn
437 Madison Avenue
New York, New York 10022-7039
(212) 940-3000

**Attorneys for Plaintiff**

**Attorneys for Defendants**


**SO ORDERED:**

_____
Judge Paul A. Crotty
United States District Judge

Dated: _____; 2014



52.    In the event additional parties join or are joined in this action, they shall not have access to Discovery Material until such newly joined party or its counsel on its behalf has executed and filed with the Court its agreement to be fully bound by this Order.  Upon filing such agreement with the Court, such newly joined party shall be treated as a "party" as that term is used herein and shall be entitled to the same rights and subject to the same restrictions as may be imposed herein on any of the parties to this action.

### IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: New York, New York                          Dated: New York, New York
       November 26, 2014                                  November 26, 2014


BOIES, SCHILLER & FLEXNER LLP                   NIXON PEABODY LLP


__/s/ William D. Marsillo__                     Joseph J. Ortego
William D. Marsillo (WM 1841)                   Vivian M. Quinn
Jon-Michael Dougherty (JD 8312)                 437 Madison Avenue
333 Main Street                                 New York, New York 10022-7039
Armonk, New York 10504                          (212) 940-3000
(914) 749-8200

Attorneys for Plaintiff                         Attorneys for Defendants


Paul A. Crotty, U.S.D.J                          Dated: ___12-1_____, 2014